United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: RAH COLOR TECHNOLOGIES LLC PATENT LITIGATION <br><br> This Order Relates to: <br> ALL CASES | Case No. 18-md-02874-SI <br> MDL No. 2874 <br><br> **PRETRIAL ORDER #1** |

The Judicial Panel on Multidistrict Litigation (JPML) has transferred to this Court for coordinated pretrial proceedings certain patent actions relating to the alleged infringement, validity, and enforceability of nine related patents owned by RAH in the field of color management technology, which is used in products such as print servers, printers, and color imaging software. As the number and complexity of these actions warrant holding a single, coordinated initial status conference for all actions in *In Re: RAH Color Technologies LLC Patent Litigation*, MDL No. 2874, the Court ORDERS as follows:

1. APPLICABILITY OF ORDER: Prior to the initial conference and entry of a comprehensive order governing all further proceedings in this case, the provisions of this Order shall govern the practice and procedure in those actions that were transferred to this Court by the JPML. This Order also applies to all related actions filed in all divisions of the Northern District of California and all "tag-along actions" later filed in, removed to, or transferred to this Court.

2. COORDINATION: The civil actions transferred to this Court or related to the actions

already pending before this Court are coordinated for pretrial purposes only. Any "tag-along" actions" later filed in, removed to, or transferred to this Court, or directly filed in the Northern District of California, will automatically be related to this action without the necessity of future motions or orders. This coordination does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure. To facilitate the efficient coordination of cases in this matter, all parties to this action shall notify the Panel of other potential related or "tag-along" actions of which they are aware or become aware.

3. DATE OF INITIAL STATUS CONFERENCE: Matters relating to pretrial and discovery proceedings in these cases will be addressed at an initial status conference to be held on **Tuesday, January 15, 2019, at 2:00 p.m.** before Judge Susan Illston in Courtroom 1, 17th Floor, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical and just resolution of this litigation. If the parties have any suggestions as to any case management orders or agenda items for the initial status conference, these suggestions shall be filed with the Court **by January 8, 2019**.

**By January 8, 2019**, the parties shall file a joint written submission advising the Court as to the status of all litigation pending in this MDL matter, as well as the status of all potential tag-along cases. The submission shall also advise the Court of the steps the parties have taken to preserve relevant evidence, including electronically stored information. Counsel shall be prepared at the initial conference to answer questions from the Court regarding the written submission, litigation status and evidence preservation.

The submission shall also contain a brief written statement indicating the parties' preliminary understanding of the facts involved in the litigation and the critical factual and legal issues. These statements will not be binding, will not waive claims or defenses, and may not be

offered in evidence against a party in later proceedings. The parties' statements shall identify all cases that have been transferred to or related before this Court, and shall identify all pending motions in those cases. The statement shall also list all related cases pending in state or federal court (that have not already been transferred to this Court), together with their current status, including any discovery taken to date, to the extent known.

4. INITIAL CONFERENCE APPEARANCES: Each party shall appear at the initial status conference through the party's attorney who will have primary responsibility for the party's interest in this litigation. Counsel other than the attorney who will have primary responsibility for a party's interest in this litigation may listen to the initial conference by phone. To request a telephone appearance, counsel shall contact the Courtroom Clerk, Tracy Kasamoto, at (415) 522-2028 no later than **January 8, 2019**. A party will not by designating an attorney to represent the party's interest at the conference be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue or service.

5. RESPONSE EXTENSION AND STAY: Defendants are granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this Court. Pending the initial case management conference and further orders of this Court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. Moreover, all pending motions must be re-noticed for resolution once the Court sets a schedule for any such motions. Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by this Court upon application.

6. MASTER DOCKET FILE: The Clerk of the Court will maintain a master docket case file under the style "*In Re: RAH Color Technologies LLC Patent Litigation*," No. M 18-2874-SI, and the identification of "MDL No. 2874." When a pleading is intended to apply to all actions, this shall be indicated by the words: "This Document Relates to All Cases." When a pleading is intended to apply to fewer than all cases, this Court's docket number of each individual case to

which the document relates shall appear immediately after the words "This Document Relates to."

7. FILING: Each attorney of record is obligated to become a Northern District of California ECF User and be assigned a user ID and password for access to the system. If she or he has not already done so, counsel shall register forthwith as an ECF User and be issued an ECF User ID and password. Forms and instructions can be found on the Court's website at www.cand.uscourts.gov/cm-ecf. Registration instructions for *pro se* parties who wish to e-file can be found on the Court's website at www.cand.uscourts.gov/ECF/proseregistration.

All documents shall be e-filed in the master file, No. 18-md-2874-SI. Documents that pertain to one or only some of the pending actions shall *also* be e-filed in the individual case(s) to which the documents pertain.

8. DOCKETING NEW CASES: When an action that properly belongs as part of *In Re: RAH Color Technologies LLC Patent Litigation* is filed after the date of this Order in the Northern District of California or transferred here from another court, the Clerk of this Court shall:

    a. File a copy of this Order in the separate file for such action;

    b. Make an appropriate entry on the master docket sheet;

    c. Mail to the attorneys for the plaintiff in the newly filed or transferred case a copy of this Order; and

    d. Upon the first appearance of any new defendant, mail to the attorneys for the defendant in such newly filed or transferred cases a copy of this Order.

9. APPEARANCES: Counsel who are not admitted to practice before the Northern District of California must file an application to be admitted *pro hac vice*. *See* N.D. Cal. Civ. L.R. 11-3. The requirement that *pro hac vice* counsel retain local counsel, *see* N.D. Cal. Civ. L.R. 11-3(a)(3), 11-3(e), is waived and does not apply to this MDL action.

10. PRESERVATION OF EVIDENCE: All parties and counsel are reminded of their

duty to preserve evidence that may be relevant to this action, including electronically stored information. Any evidence preservation order previously entered in any of the transferred actions shall remain in full force and effect until further order of the Court. Until the parties reach an agreement on a preservation plan for all cases or the Court orders otherwise, each party shall take reasonable steps to preserve all evidence that may be relevant to this litigation. Counsel, as officers of the court, are obligated to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties, of their preservation obligations.

11. FILING OF DISCOVERY REQUESTS: In accordance with Rule 5(d) of the Federal Rules of Civil Procedure, discovery requests and responses are not to be filed with the Clerk nor sent to the Judge's Chambers, except to the extent needed in connection with a motion.

12: LIAISON COUNSEL: Prior to the initial status conference, counsel for all parties shall, to the extent they have not already done so, confer regarding whether this case would benefit from the selection of a candidate for the position of liaison counsel who will be charged with essentially administrative matters and, if so, who that candidate should be and what the duties should be.

13. DISCOVERY AND PROTECTIVE ORDER: Counsel should be prepared to discuss mechanisms for coordinating discovery efforts. Counsel shall also be prepared to discuss a stipulated protective order and, if possible, present one to the Court for its consideration. In the event a stipulation cannot be reached, the Court will execute a protective order generally in the form to the Northern District of California's model stipulated protective order unless/until the parties present the Court with a joint submission.

14. COMMUNICATION WITH THE COURT

Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing and e-filed. The Court recognizes that cooperation by and among counsel for all parties is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorneys' work product, and cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

**IT IS SO ORDERED**.

Dated: December 14, 2018

_____
SUSAN ILLSTON
United States District Judge